# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARK S. FRAZIER,<br>*Plaintiff,* | : | CIVIL ACTION |
| v. | : | |
| THE CITY OF PHILADELPHIA<br>*Defendant.* | : | NO. 18-827 |

## MEMORANDUM

**QUIÑONES ALEJANDRO, J.**　　　　　　　　　　　　　　　　**FEBRUARY 28, 2018**

Plaintiff Mark S. Frazier ("Mr. frazier"), filed this civil action against the City of Philadelphia based on a recent incident with police. He also filed a motion to proceed *in forma pauperis* and a motion for recusal. For the following reasons, the Court will grant Mr. Frazier leave to proceed *in forma pauperis*, dismiss his Complaint, and deny the recusal motion.

## I.　FACTS

Mr. Frazier is bringing a Fourth Amendment false arrest claim under 42 U.S.C. § 1983 based on an incident that occurred at 1:00 a.m. on January 29, 2018. In the Complaint, Mr. Frazier describes the events which give rise to his claims as follows:

> About 1 hour prior to leaving area – where I have resided for the past nearly 4 years, since returning in 2014, after giving notice – I noticed a sheriff's van parked down at the next bridge ago in target's parking lot parked in such a way as to see one leaving or coming to.
> After events of prior cases as they were recorded, I have become aware of these types of situations.
> I thought that they might be waiting for me, and figured let me go another way but thought, no if this is a set-up or they are waiting for me then I must check this out.
> So I went headed out. When I got to the ramp there was an SUV police parked – lights on, ofrs. inside. I started up ramp, they did to [sic] and passed me, got to top and left. When I got to top, they were backing up, next thing I know I'm in handcuffs while they write me a citation.

1

> Also, I was denied service at St. John's hospice after feeling like I was set up for refusal – aesaulted [sic] in process.

(Compl. at 3.)

Mr. Frazier describes his injuries as follows: "denied shower, service – suffered psychological harm." (*Id.* at 4.) He seeks $10 million in damages "for violations," asks "for the law to be applied [to] both events, especially at St. John's hospice for the assault and conspiratus actions," and seek the resignation of the officer who write his citation. (*Id.*) Mr. Frazier also contends that the officer falsified his report because Mr. Frazier "does not recall saying the last two words in [the] report." (*Id.*)

## II.  STANDARD OF REVIEW

Because it appears that he is not capable of paying the fees needed to commence this civil action, Mr. Frazier is granted leave to proceed *in forma pauperis*. As Mr. Frazier is proceeding *in forma pauperis*, the provision of 28 U.S.C. § 1915(e)(2)(B)(ii) applies. Specifically, said provision requires the Court to dismiss the Complaint if it fails to state a claim. To survive dismissal, the complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "[M]ere conclusory statements[] do not suffice." *Id.* As Mr. Frazier is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III.  DISCUSSION

The Complaint fails to state a claim for relief. To state a claim for false arrest under the Fourth Amendment, a plaintiff must allege facts establishing that he was arrested without probable cause. *See Orsatti v. N.J. State Police*, 71 F.3d 480, 482 (3d Cir. 1995). "[P]robable cause to arrest exists when the facts and circumstances within the arresting officer's knowledge

are sufficient in themselves to warrant a reasonable person to believe that an offense has been or is being committed by the person to be arrested." *Id.* at 483. Although Mr. Frazier indicates that he was falsely arrested and falsely cited, he does not provide sufficient factual allegations to support those legal conclusions. At most, the Complaint alleges that Mr. Frazier was handcuffed and cited. He does not clearly describe the circumstances surrounding his arrest or what he was cited for in a manner that would plausibly establish a violation of his rights. *See Godfrey v. Pennsylvania*, 525 F. App'x 78, 80 (3d Cir. 2013) (*per curiam*) (explaining that, to the extent plaintiff was asserting claims for false arrest and imprisonment, "[plaintiff] needed to point to facts suggesting that Defendant Thompson lacked probable cause to believe he had committed the offense for which he was arrested").

Even if Mr. Frazier had stated a claim under the Fourth Amendment, he failed to state a basis for the City of Philadelphia's liability. To state a basis for municipal liability under § 1983, a plaintiff must allege that the municipal defendant's policies or customs caused the alleged constitutional violation. *See Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 694 (1978). The plaintiff "must identify [the] custom or policy, and specify what exactly that custom or policy was" to satisfy the pleading standard. *McTernan v. City of York*, 564 F.3d 636, 658 (3d Cir. 2009). Here, the Complaint fails to establish that the alleged violation of Mr. Frazier's rights resulted from an unconstitutional policy or custom. Accordingly, Mr. Frazier has not alleged a basis for municipal liability. In any event, it is not clear how the City of Philadelphia could be held liable for the conduct of St. John's Hospice, which appears to be a privately-run shelter.

## IV. CONCLUSION

Although the Complaint is dismissed for the reasons set forth above, Mr. Frazier will be given leave to file an amended complaint in the event he can state a claim for relief. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 112-13 (3d Cir. 2002). The Court will deny Mr. Frazier's motion for recusal. *See Liteky v. United States*, 510 U.S. 540, 555 (1994) ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion"). An appropriate order follows.

NITZA I. QUIÑONES ALEJANDRO, J.